UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETS

| In re: | |
|---|---|
| ARCH THERAPEUTICS, INC., | Chapter 11 |
| | Case No. 25-40409 |
| Debtor. | |

| In re: | |
|---|---|
| ARCH BIOSURGERY, INC., | Chapter 11 |
| | Case No. 25-40410 |
| Debtor. | |

**DEBTORS' APPLICATION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF AFFILIATED BANKRUPTCY CASES**

Arch Therapeutics, Inc. ("**Arch**") and Arch Biosurgery, Inc. ("**ABS**" collectively with Arch, as debtors and debtors in possession, "**Debtors**") hereby move this Court for an order providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only. In support of this application, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for relief requested herein are section 105 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

4. On April 18, 2025 (the "**Petition Date**"), the Debtors filed separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage and operate their businesses as debtors-in-possession.

6. As of the filing of this application, no trustee, examiner or official committee of unsecured creditors has been appointed in this case.

7. The Debtors incorporate by reference the factual background discussed in the motion for interim and final orders (A) authorizing the Debtors to obtain post-petition secured financing, (B) granting post-petition liens, and (C) scheduling a final hearing, to be filed with the Court.

**Relief Requested**

8. By this application, the Debtors seek the joint administration and consolidation of their respective chapter 11 cases for procedural purposes only. The Debtors believe that because of their affiliated status and the other reasons set forth herein, the use of single docket for matters occurring within the administration of the estates will aid in expediting the cases and result in a more efficient and economic administration.

9. Section 105(a) of the Bankruptcy Codes provides that "… the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

10. Rule 1015(b) of the Bankruptcy Rules further provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the Court may order a joint administration of the estates. Fed. R. Bankr. P. 1015(b).

11.     The Debtors are affiliates of one another as such term is defined in Section 101(2) of the Bankruptcy Code and as contemplated by Bankruptcy Rule 1015(b).  ABS is the subsidiary of Arch.

12.     The Debtors believe that joint administration of the chapter 11 cases would assist in judicial economy and be both practical, and economical, particularly for the management and professionals involved.  Joint administration will avoid unnecessary court appearances, duplicative filings and notices, and other redundant efforts, thereby providing a benefit and savings to the Debtors' estates.

13.     Further, most of the actions, motions, hearings and orders expected in the proceedings will affect both of the Debtors.  Jointly administering the cases, therefor, should alleviate some of the burden on the Court when compared to conducting separate proceedings. The United States Trustee's supervision of the cases will also be simplified.

14.     The relief sought herein is solely for procedural purposes and will not in any way adversely affect the substantive rights of creditors and other stakeholders in the separate chapter 11 cases. Creditors will still be required to file claims against the particular debtor responsible for the respective debt unless the cases are consolidated pursuant to Court order.  If anything, the joint administration will result in a reduction in costs from the efficiencies and will serve to benefit creditors of both estates.

15.     The Debtors request that the Court modify the case captions to reflect the joint administration as follows:

| | |
|---|---|
| In re:<br><br>ARCH THERAPEUTICS, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 25-40409<br><br>(Jointly Administered) |

Use of such caption shall simplify filings and assist in uniformity.

16. The Debtors further request that the docket of the jointly administered cases be maintained under Case No. **25-40409,** the first of the two cases filed.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order granting the relief requested in this application and such other and further relief as may be just and proper.

## Notice

17. The Debtors will send notice of this application to the following parties: (i) the Office of the United States Trustee for the District of Massachusetts, (ii) the secured creditors, (iii) the Debtors' 20 largest unsecured creditors, and (iv) any other parties designated in the service list by the Debtors to receive notice. In light of the nature of the relief requested, the Debtors submits that no other or further notice is required

ARCH THERAPEUTICS, INC.
ARCH BIOSURGERY, INC.

By proposed bankruptcy counsel,

*/s/ Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street
Boston, Massachusetts 02114
Tel: (617) 523-9000
Email: abraunstein@riemerlaw.com

DATED: April [_____], 2025

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>ARCH THERAPEUTICS, INC.,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 25-40409 |
| In re:<br><br>ARCH BIOSURGERY, INC.,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 25-40410 |

**ORDER GRANTING JOINT ADMINISTRATION
OF AFFILIATED BANKRUPTCY CASES**

Upon consideration of the Application for Order Directing Joint Administration of Affiliated Bankruptcy Cases (the "**Application**") filed on behalf of Arch Therapeutics, Inc., ("**Arch**") and Arch Biosurgery, Inc., ("**ABS**" and collectively with Arch, as debtors and debtors in possession, "**Debtors**") for an order providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes; this Court having jurisdiction over the Application; it appearing that the Debtors are affiliates and that joint administration and procedural consolidation will be in the best interests of the Debtors' estates; appropriate notice of the Application having been provided; no objection to the Application having been filed; and this Court having reviewed the Application and having found good cause for the relief sought therein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

    1.      The Application is granted.

  2.  The above-captioned cases shall be procedurally consolidated and jointly administered by this Court;

  3.  The bankruptcy case of Arch Therapeutics, Inc., Case No. 25-40409, shall be designated as the lead case;

  4.  The caption of the jointly administered Chapter 11 cases shall be as follows:

| | |
|---|---|
| In re:<br><br>ARCH THERAPEUTICS, INC., *et al.,*<br><br>         Debtors. | Chapter 11<br><br>Case No. 25-40409<br><br>(Jointly Administered) |

  5.  The granting of the Application shall not be deemed or construed as a substantive consolidation; and

  6.  The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2025     _____
                   United States Bankruptcy Judge

4312887.4